### No. 109.—A. S. HATHCOCK *v.* ELBERT GRAY.

If an attachment has issued against a debtor before the debt is due, and the evidence shows that he intended leaving the State, permanently, the attaching creditor can not be compelled to pay damages, although the attachment has been dissolved.

A bill of exceptions to the charge of the judge to the jury must be made before the jury retires, reduced to writing and signed by the judge, otherwise it will not be noticed on appeal. C. P. 517; 5 R. 216.

APPEAL from the Eleventh Judicial District, parish of Claiborne. *Egan,* J. *John Young,* for plaintiff and appellant. *Young & Wilson,* for defendant and appellee.

This case was tried by a jury in the district court.

TALIAFERRO, J. There is a motion to dismiss the appeal in this case. The grounds are:

*First*—Because the appeal bond was not approved by the judge, the only one authorized to make the approval.

*Second*—The amount in dispute is less than five hundred dollars.

A further ground is that a paper inserted in the record is not embraced in the clerk's certificate.

On the first ground, we are referred to no law making it the duty of the judge to affirm appeal bonds, and we are aware of none.

On the second, the plaintiff sues for seven hundred dollars damages, founding his suit on an attachment bond for that amount. A slip of paper, upon which is copied from the minutes a list of the jurymen

who sat on the trial of the case, together with the verdict rendered by them, is inserted as an extension of page nine of the record.

None of these grounds authorize a dismissal of the appeal, and the motion is therefore overruled.

## ON THE MERITS.

The plaintiff complains that, without legal or reasonable cause, the defendant sued out a writ of attachment against his property, and caused the sheriff to seize and take out of his possession a valuable mare, and a wagon and gear, the services and use of which he was deprived of for three months, thereby causing him damage and injury to the amount of $350. He states the value of the property to be the like sum. He charges that the allegations of the defendant, in his affidavit to obtain the attachment, are false, wholly unfounded, and maliciously resorted to for the purpose of extorting from him payment of a debt not due.

The answer of the defendant is a general denial. The case was tried before a jury, who rendered a verdict in favor of the defendant. The judgment of the court below was in conformity with the verdict rendered, and the plaintiff has appealed.

It seems that the defendant in this case, acting as the agent of Seaborne Gray, an absentee, instituted suit against the plaintiff on two promissory notes, each for $200, due respectively on the first of January, 1868, and first of January, 1869, secured by mortgage on a tract of land, and commenced his action by attachment. The petition was filed January 7, 1867. The attachment taken out was dissolved on motion of Hathcock's counsel. Judgment was rendered in favor of the plaintiff for the amount claimed, with recognition of the mortgage, but directing stay of execution until the notes respectively became due.

This indebtedness of Hathcock to Seaborne Gray was shown on the trial of this suit for damages. It is shown, by the testimony of a witness, that Seaborne Gray had not been able, up to April, 1870, the time, it appears, the case was tried, to collect the judgment he obtained against Hathcock. We think it is fully shown that Hathcock had the intention of removing permanently from the State at the time the attachment was taken out. His acts and declarations evince that determination. The creditor had clearly a right, although his debt was not due, to take out proceedings against his debtor when he was about to leave permanently the State, without leaving sufficient property to pay his creditor's claim. C. P. 242.

The plaintiff, in his motion for a new trial, sets out that the court erred in charging the jury that the attachment bond offered in evidence by the plaintiff, was null if not stamped with a fifty-cent stamp, properly

60

·canceled; and that, if the jury found, from the evidence, that the plaintiff had, in his motion to dissolve the attachment in the suit brought against him by Seaborne Gray, averred, as ground for dissolving the attachment, that there was no sufficient bond, he was estopped, on trial of this case, from showing that there was any such bond. The plaintiff avers, in this motion for a new trial, that it was upon this charge that the jury found their verdict.

It does not appear that the plaintiff excepted in due time to the ·charge given to the jury, nor that he required the judge to put his opinion in writing. C. P. article 517; 5 R. 216; 17 L. R. 545. He ·could not, therefore make it a ground for a new trial. We see no ·reason for altering the decree of the lower court.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.