No. 8823.

35  343
116  255

## SUCCESSION OF MATTHEW COUGHLIN.

Where a judgment is rendered striking out an unproved item on the passive side of a succession account and adding the amount to the balance previously struck, for distribution among ordinary creditors, and where, before such distribution has taken place, the creditor whose claim was disallowed for want of proof, has established the same by sufficient evidence, the distribution first ordered must be modified and the proved claim ordered to be paid.

Judgments of homologation of accounts in insolvent successions, directing a distribution of funds, do not invariably constitute *res judicata*, so as to prevent a review of the distribution and directions for a different one.

Creditors who have been paid in conformity with a decree of distribution, in case of deficiency can be compelled to refund the proportion which they are bound to contribute, in order to give new creditors an equal part.

The doctrine in the Succession of Warren, 4 An., requiring proof in insolvent estates, in addition to notes held by creditors, must not be carried too far.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Cole, J.*

*Sam'l Matthews* for the Administrator, Appellant.

*Barrow & Pope, Chas. O. Lauve* and *Alex. Hébert* for the Opponents, Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The matters at issue in this case were before this Court last year. 34 An. 916.

The contest was between the administrator and the creditors of the succession, touching the validity of a mortgage claim of the former for $2,658.33, against which want of consideration as to the notes, simulation against the mortgage and undue preference as to the creditor, were charged.

This Court held, that Beyris, the administrator, asserting himself a creditor, with mortgage, had failed to substantiate his demand by evidence besides the notes and the act of mortgage and his own passing testimony, and that such corroborating proof was necessary in an insolvent succession like this.

The Court, therefore, ordered that the item opposed be stricken from the account, as in favor of Beyris, thereby non-suiting him.

Treating the account as though this item of $2,658.33 had not been allowed at all to Beyris, and adding it to that proposed to be distributed among the ordinary creditors, $1,027.99, thus forming an aggregate of $3,686.32, the Court ordered that sum to be distributed among the creditors, reserving the rights of Beyris to claim and prove thereafter what he had then failed to establish.

It appears that the parties in interest viewed the judgment of this

Court from different standpoints : in one respect, as a judgment of *non-suit*, and in others, as a final and executory judgment, constituting *res judicata.*

Hence, the creditors took on Beyris a rule to compel him to pay them the sum of $3,686.32, and in default, to entitle them to an execution therefor against him individually.

On the other hand, Beyris took proceedings for a new trial of his claim as a mortgage creditor for $2,658.33.

For reasons of expediency there was made no objection to form, and the pretensions of both the creditors and the administrator, as a creditor, were tried together.

It is important to note that the $2,658.33, which Beyris had apportioned to himself by the account, had not been then and have not since been distributed.

The issues were determined by reasons separately assigned, culminating into one judgment only.

Viewing our judgment as *res judicata* in favor of the opponents, their rule was made absolute and Beyris, administrator, was ordered to apply the money to them, and provision was made for execution against him in case of default.

Treating Beyris as a *non-suited* creditor, and considering that he had offered proof sufficient, establishing his mortgage claim to the $2,658.33, the Court recognized it as such, but without any privilege or preference, the same to be satisfied out of the funds in his hands which were ordered to be paid out by the first part of the judgment.

It is from the judgment thus rendered that the parties have appealed.

## I.

Our judgment directing the distribution of the $3,686.32 did not constitute *res judicata*, as it disallowed the $2,658.33 to Beyris, for want of proof in support of it, added that sum to the remaining $1,027.99 and authorized the distribution of the whole among the creditors. This would, no doubt, have taken place had the administrator been a person different from Beyris. Had such distribution taken place, such administrator could not have been attacked or disturbed for it, in case Beyris had subsequently made good his mortgage claim, for he would have had as his authority for doing so the judgment of this Court.

The law provides that, in some cases, unpaid creditors may call upon creditors who have been paid, to return what proportion in excess they may have received, in order that a different distribution may be made by the succession representative. R. C. C. 1188, 1184, 1185, 1186, 1187.

A judgment homologating an account and ordering a distribution of funds is not, therefore, such as absolutely constitutes *res judicata* in all cases.

But it so happens in this case that the administrator and the creditor are the same person, and that the sum authorized to be distributed has remained in his purse.

The correctness of the judgment of the lower court ordering payment of that sum to the ruling creditors and the issuing of an execution for the same in their favor is, however, contingent upon that allowing or rejecting Beyris' claim as a mortgage creditor.

If it be such, his claim should be satisfied by preference out of the proceeds of the mortgaged property included in said $3,686.32 ; if he be only an ordinary creditor, he would be entitled as such only to a participation concurrently with the other ordinary creditors in the repartition of that same sum ; if he be no creditor, he would then be entitled to nothing at all.

## II.

Whether Beyris is a creditor and whether his claim is secured by mortgage is the pivotal fact upon which turns all this litigation.

On the first trial the proof adduced by him was properly considered insufficient. On the second trial he has offered not only the notes and the act which had been previously introduced, but also his own and corroborating testimony, which shows his ability to make the loans, his having made them and the acknowledgments of Coughlin.

Whatever reflections may have been cast upon his credibility and the reality of the transaction, they are not such as can successfully overthrow the proof administered by him. The doctrine in the succession of Warren, 4 An., affirmed in our previous opinion, is no doubt conservative and sound, but it must not be carried too far.

The District Judge has taken pains in investigating the facts. He has discussed them and has come to the conclusion that Beyris is a mortgage creditor.

His opinion fortifies the already strong impression which we have derived, after reviewing the testimony adduced on the last trial, so effectually, that we consider that he has correctly decided the question of fact.

The judgment, in so far as it makes the rule absolute and directs execution to issue for $3,686.32, is erroneous ; and in so far as it recognizes Beyris as a mortgage creditor for $2,658.33, is correct. That portion of it, however, which denies him any privilege or preference to be paid out of his hands cannot remain.

44

It is, therefore, ordered and decreed that the judgment appealed from making absolute the rule for execution be reversed, and that said rule be dismissed, without prejudice to the rights of the creditors, plaintiffs in rule, to a distribution of the $1027.99, or so much thereof as may be on hand.

It is further ordered, that the same judgment, in so far as it refuses a privilege or preference to Beyris, be likewise reversed, and that in so far as it recognizes the claim of Beyris as a mortgage creditor for the sum of $2,658.33, for which he is placed on the account, be affirmed, and that said Beyris be paid accordingly said amount out of said $3,686.32 in his hands.

It is further ordered that the costs of this appeal and of the lower court, incurred since the case was first tried here, be paid equally by the creditors, plaintiffs in the rule, and by the succession of Coughlin.