## No. 9380.
### G. HENRY CRÉTIN VS. DANIEL LEVY.

In a suit for damages for malicious prosecution of a civil suit, and for a wrongful provisional seizure, the first ground of action will be disregarded in absence of proof of malice and want of probable cause. The judgment dissolving the writ is *res judicata* as to its wrongful issuance, and establishes liability for actual damages.

Where alleged injury to credit and resultant losses appear attributable to the suit itself and not to the seizure, they will not be allowed as damages for the wrongful issuance of the latter.

The counsel fees, allowable as damages for the wrongful issuance of conservative writs, are not those incurred for the defense of the suit. but only those rendered exclusively in relation to the writ.

APPEAL from the Twenty-third District Court, Parish of Iberville. Talbot, J.

---

*Alex. Hebert* for Plaintiff and Appellant.

*David N. Barrow* for Defendant and Appellee.

---

The opinion of the Court was delivered by

FENNER, J. This is an action for damages claimed to have resulted from the institution of a suit for rent by defendant against plaintiff, accompanied by a writ of provisional seizure.

The petition combines the elements of an action for malicious prosecution of a civil suit and for wrongful seizure.

So far as the first ground of action is concerned, we concur with the judge *ad hoc*, that the evidence fails to establish that malice and want

of probable cause which are essential to the maintenance of such an action.

Nothing remains for consideration except the damages resulting from the wrongful seizure of plaintiff's property.

Plaintiff kept a hotel and barroom which he leased from defendant. The officer charged with the execution of the writ of provisional seizure was instructed not to interfere with plaintiff's business. He executed the writ by appointing plaintiff's bar-keeper as sheriff's keeper informing him, at the time, that plaintiff could continue his business as usual. On the first or second day after the seizure, plaintiff released the same by giving bond.

The decision in the rent-suit, dismissing the action and dissolving the writ, is conclusive on the question that the latter was wrongfully issued. The judgment is *res judicata* on that question. Roos vs. Goldman, 36 Ann. 133 ; Block vs. Meyer,s 35 Ann. 220; Barrimore vs. McFeely, 32 Ann. 1182. This entitled plaintiff to damages ; but in absence of malice or want of probable cause, the measure of damages is the actual expense and loss resulting from the seizure itself.

Much evidence is taken showing injury to plaintiff's credit, but we agree with the judge *a quo* that such injury was attributable, not to the mere seizure, but to the suit. Plaintiff's own testimony is direct that his credit was affected during the entire pendency of the suit, and became good again as soon as it was decided. See Byrne vs. Gardner, 33 Ann. 9.

There was no substantial interference with his business or control of his property. The seizure lasted one, or, at most, two days, and was merely formal.

The mortification and mental suffering professed to have been suffered by plaintiff, he himself attributes to the " suit and seizure," and we see no reason why the latter should have aggravated them.

We consider him entitled to no damages except counsel fees incurred exclusively in relation to the provisional seizure. He is not entitled to counsel fees for the defense of the suit, but only to those peculiar to the seizure. Penny vs. Taylor, 5 Ann. 714 ; Accessory Co. vs. McCerren, 13 Ann. 214 ; Phelps vs. Coggeshall, id. 440.

We can discover none of this character except those incurred for the bonding of the writ. They are allowed by the judge *a quo* and assessed at twenty dollars which we do not consider sufficiently underestimated to justify us in disturbing the judgment.

Judgment affirmed.