(69 South. 761)

No. 21301.

ADLER et al. v. ADLER et al.

(May 24, 1915. On Rehearing, Oct. 18, 1915.)

*(Syllabus by the Court.)*

1. INSANE PERSONS ⬤�longrightarrow100—CURATOR AD HOC —SELECTION—VALIDITY OF JUDGMENT.

Our law provides a method whereby a person who is subject to the jurisdiction of our courts, and who is incapable, by reason of mental infirmity, of caring for his person and administering to his estate, shall be provided with representatives authorized to discharge those functions, designates the individuals who, by preference, shall be selected to fill those positions, and prescribes the manner in which they shall be selected. When therefore, that law is not observed, and, for the purposes of a proceeding in one of such courts and the obtention of a judgment affecting the property rights of such persons, a representative is appointed by the court under the title of curator and curator ad hoc, the court acquires no jurisdiction ratione personæ by the citation or appearance of such appointee, and the judgment predicated thereon will be set aside.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 179–184; Dec. Dig. ⬤�longrightarrow 100.]

2. INSANE PERSONS ⬤�longrightarrow96 — SUBSTITUTED SERVICE—JURISDICTION.

Where a litigant seeks, by substituted service, to bring before a court of this state a person who, by reason of residence or domicile elsewhere, is not subject to the jurisdiction of such court, he is bound to show affirmatively, and with reasonable certainty, the existence of the conditions which alone authorize the adoption of that course; and, where it is neither alleged in the pleadings, nor otherwise suggested, that the person thus sought to be impleaded is absent from, or resides out of, the state, but merely that he is non compos mentis, that no permanent curator has been appointed for him, and that a special curator and curator ad hoc should be appointed, the conditions precedent to the appointment of and the impleading of the person sought to be made defendant by substituted service upon such special curator and curator ad hoc are not complied with, and the court does not thereby acquire jurisdiction of such person.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 168; Dec. Dig. ⬤�longrightarrow96.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Jacob Adler and others against Raoul J. Adler and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

George Montgomery, of New Orleans, for appellant E. T. Dunn. Charles Rosen, Zachary Adler, and Gustave Lemle, all of New Orleans, for appellees.

## Statement of the Case.

MONROE, C. J. This is an appeal from a judgment ordering the cancellation of a legal mortgage in favor of minors upon their tutor's interest in certain real estate.

The record contains a "statement of facts," upon which the judgment is predicated, to the following effect, to wit:

On June 20, 1898, Pauline Adler, wife of William, Stella, Jacob, Julius, Mathilde, Blanche, and Raoul Adler, majors, and Sid-

ney, Zachary, Ethel and Berenice Adler, minors, were sent into possession, by judgment of the civil district court for the parish of Orleans, as sole heirs, and in the proportions of one-eleventh to each, of the estate left by Abram and Clemence Adler, their deceased parents.

On July 6, 1898, by act before Hero, notary, Jacob Adler acquired (or appeared to acquire) from Julius Adler the interest so inherited by Julius Adler in certain real estate in New Orleans, and on July 18th following Julius Adler qualified as dative tutor of the four minor heirs, and there was recorded in this parish an abstract of the inventory of the estate, to operate as a mortgage upon any real estate here situated that he might own or acquire. On February 1, 1906, Jacob Adler executed an instrument in writing, which was recorded on December 24, 1907, reading as follows, to wit:

"Executors of Estate of Abram Adler. Feb. 1, 1906. All sales of property formerly belonging to the estate of Abram Adler to myself were for legal purposes. Such property belongs to the said estate and is simply held in trust by me. I am ready to reconvey said property at any time, upon request."

In 1908 a partition suit was brought by Jacob Adler et al. against Raoul Adler et al. to partition the real estate held in indivision by the heirs of Abraham and Clemence Adler and William Adler; all of the heirs having at that time attained majority. Ethel Adler had, however, been adjudged non compos mentis by the county court of Duchess county, N. Y., where she was then residing, and she was represented in the partition proceeding by a curator ad hoc appointed for that purpose by the civil district court in which that proceeding had been instituted. A family meeting was convened in her interest and recommended the sale to the Adler Realty Company, for $150,000, of four pieces of property to be partitioned, including a piece or parcel (consisting of a number of lots) in New Orleans which was appraised by

137 LA.—31

the family meeting at $20,000; and the "statement of facts" reads:

"On July 31, 1908, the court entered a judgment ordering a partition thereof and a sale for that amount, to wit, $20,000. The remainder of the property held in indivision among the heirs of Abraham and Clemence Adler and William Adler going to make up the said sum of $150,000 is some country real estate, and is not involved in this rule. All the other heirs, including Berenice Adler, signed the act of sale to the Adler Realty Company and receipted for the price, and the amount going to Ethel Adler was deposited in the registry of the court to her account by order of court. In this sale to the Adler Realty Company, in which it paid the agreed price of $150,000 (including the $20,000 for the property in question), the mortgage and conveyance certificate did not show the existence of this declaration [referring to the declaration of Jacob Adler, recorded December 24, 1907], and all parties acted on the recital of a clear title being conveyed and warranted, as the act of sale declared, to said purchaser, the Adler Realty Company."

The "statement" also contains the following:

"Record No. 109,904 of the civil district court for this parish shows: A judgment of commitment, certified by the county clerk of Buncombe county, state of North Carolina, dated September 12, 1914, where she was residing, filed [in] said record 109,904 of this court, showing that Berenice is non compos mentis and cannot look after her own affairs."

Thereafter (and recently), the Adler Realty Company having negotiated a sale of a portion of the New Orleans property (as we are informed by the pleadings and briefs), a conveyance and mortgage certificate was obtained, which showed the legal mortgage against Julius Adler resulting from his tutorship and the recorded declaration of Jacob Adler, hereinabove quoted; and thereupon the prospective purchaser declined to accept title, on the ground that from said declaration it appeared that the interest of Julius Adler had never really been conveyed to Jacob Adler, and hence was burdened with said legal mortgage. The Adler Realty Company then took the rule which is the basis of this litigation, and in which it is alleged (quoting in part) as follows, to wit:

"And on further suggesting that recently your mover applied for and obtained mortgage and conveyance certificates in the name of the heirs of Abram Adler, and there was listed thereon a counter letter from Jacob Adler to the effect that all property acquired by him from the estate was for convenience, and not intended to convey title to him, which said counter letter was of record at the time mover acquired, as aforesaid, but of which mover had no actual knowledge, and that it is now contended that the effect of said counter letter is to reinstate in Julius Adler a one-eleventh ownership in the above mentioned and described property, subject to the minor's legal mortgage as aforesaid, and on further suggesting to the court that said legal mortgage should be canceled and erased from the record, for the reason that the said minors Zachary, Sidney, and Berenice Adler, being of age at the time of the transfer, and having stipulated that the said property was free from mortgages and incumbrances, and executed deed with full warranty and obtained their portion of the proceeds, are now estopped to claim that there was a legal mortgage resting on the said property, in so far as it affected them, and, in so far as the minor, Ethel Adler is concerned, upon mover depositing in the registry of the court one-eleventh of $20,-000, the price for which said property was sold, to effect a partition, should it be held that the property * * * is affected by said legal mortgage, which is denied, and on further suggesting * * * that Ethel Adler and Berenice Adler are non compos mentis, and that a special curator and curator ad hoc should be appointed to represent them, no permanent curator and curator ad hoc having been heretofore appointed to them."

And the rule concludes with a prayer that a special curator and curator ad hoc be appointed to represent Ethel and Berenice Adler, and that he and Zachary Adler and Sidney Adler and the recorder of mortgages be ordered to show cause why the legal mortgage in question against the property of Julius Adler should not be canceled and erased from the record, in so far as—

"it affects the above mentioned and described property, upon mover depositing in the registry of the court one-eleventh of $20,000, the amount that said property sold for in the partition proceedings herein, provided it should be held that said property is covered with said legal mortgage, and why * * * full and general relief should not be granted in the premises."

The curator and curator ad hoc was appointed accordingly, and filed an answer to the rule, and the recorder of mortgages excepted and answered, and, after hearing, the court rendered the following judgment:

"It is ordered * * * that the exceptions * * * be overruled, and that said rule be made absolute, to the extent of ordering that, upon deposit in the registry of the court of one-eleventh of $20,000, as the share of Julius Adler of the proceeds of sale of the property described in said rule, and upon reinvestment of said Julius Adler's share according to law, or his giving satisfactory security in lieu of the legal mortgage in favor of Berenice Adler, minor, upon said share, the inscription of the legal mortgage recorded against property in Book 489, folio 768, be canceled and erased."

The appeal was taken by the recorder of mortgages and by Berenice and Ethel Adler, acting through the curator and curator ad hoc, as also by the curator and curator ad hoc himself.

### Opinion.

The recorder of mortgages excepted to the jurisdiction ratione materiæ et personæ of the civil district court, "particularly division E, pleaded want of proper parties, and denied the power of the court to grant the relief prayed for" at this time. The curator and curator ad hoc, for answer, alleged that, in view of the counter letter by Jacob Adler, it appears that the interest of Julius Adler in the property in question was never really conveyed to him; that Julius Adler was not represented in the partition proceedings, and hence his interest was never conveyed to the adjudicatee, and is still burdened with the minor's mortgage; that, if Miss Berenice Adler is estopped, the estoppel can be pleaded only by Julius Adler.

We are of opinion that division E of the civil district court, which ordered the partition and sale of the property, was vested with jurisdiction ratione materiæ, quoad the rule to cancel the mortgage from and clear the title of the property sold, and that such jurisdiction was not affected by the circumstances that the rule was not taken until several years had elapsed after the sale.

[1, 2] As to the question of jurisdiction

ratione personæ, the only persons who are interested in opposing the cancellation of the minor's mortgage are the four minors in whose favor the mortgage was recorded, and of those four Zachary and Sidney, who long since attained majority, were made parties to the rule, have taken no appeal from the judgment ordering the cancellation, and are asking no relief from the court. The judgment as to them is therefore final. As to the Misses Berenice and Ethel the rule alleges that they—

"are non compos mentis, and that a special curator and curator ad hoc should be appointed to represent them; no permanent curator and curator ad hoc having been heretofore appointed to them."

It does not allege that they resided or were domiciled or, in fact, were, at the time of the filing of the rule, beyond the jurisdiction of the district court, and the counsel for the recorder of mortgages states in his brief that it was shown on the trial of the rule that Miss Ethel was at that time in New Orleans.

The law provides a method whereby a person who is subject to the jurisdiction of our courts, and who, by reason of mental infirmity, is incapable of caring for his (or her) person and administering his (or her) estate, shall be provided with representatives authorized to discharge those functions, and it designates the individuals who, by preference, shall be selected to fill those positions, and prescribes the manner in which they shall be selected.

Assuming that Misses Berenice and Ethel Adler were subject to the jurisdiction of the civil district court when the rule under consideration was filed, that law was not observed, and the appointment of the special curator and curator ad hoc to represent them for the purposes thereof was unauthorized, and hence the court acquired no jurisdiction ratione personæ for such purposes.

On the other hand, where a litigant seeks, by substituted service, to bring before a court of this state a person who, by reason of residence or domicile elsewhere, is not subject to the jurisdiction of such court, he is bound to show affirmatively and with reasonable certainty the existence of the conditions which alone authorize the adoption of that course; but in this instance it is not alleged or suggested that either of the ladies made defendants in the rule were absent from or resided out of the state, the sole ground for the appointment of the curator and curator ad hoc being that the representative required by law to be appointed if the ladies were subject to the jurisdiction of our courts had not been appointed, and the idea suggested being that a failure to comply with the law may be made good by a proceeding unauthorized by law.

Our learned Brother of the district court, in dealing with the merits of the case, proceeded, apparently, upon the theory that the purported conveyance by Julius Adler to his brother, Jacob, was, as stated in the instrument which Jacob placed of record, a mere simulation, devised for convenience, which left in Julius the title to his interest in the property of the estate, which interest was therefore burdened with the legal mortgage of the minors of whom Julius was tutor. We have, however, either misapprehended the theory of the judgment appealed from, or else there was some inadvertence in the preparation of the decree, since it purports to provide only for the claim of Miss Berenice Adler, and, that having been done, orders the cancellation of the entire mortgage, without in any way providing for or referring to the claim of Miss Ethel Adler.

The appellants, as we have stated, are the recorder of mortgages, who raised, and had the right to raise, the question of jurisdiction and proper parties vel non, since it is only by the order of a court possessed of jurisdiction or by the consent of the parties

in interest that he is authorized to meddle with inscriptions once placed in his books, Miss Berenice Adler and Miss Ethel Adler, acting through the curator and the curator ad hoc appointed by the court to represent them, and the curator and curator ad hoc himself; but we find that the appointment of that officer as the representative of the ladies named was unauthorized, though it may be, and likely is, the case, that it was competent for him, acting de facto, to appeal from a judgment rendered contradictorily with him against the parties whom he was appointed to represent. The appellee the Adler Realty Company, through the brief of its counsel, asks that the judgment appealed from be affirmed. But, for the reasons given, we are of opinion that it must be reversed, so far, at any rate, as it orders the cancellation of the minor's mortgage, and thereby deprives the Misses Adler, who were not parties to it, of their property. On the other hand, we do not think that we can split the judgment, and, reversing that part which orders the cancellation of the mortgage, affirm that part which orders the deposit of one-eleventh of $20,000, since the judgment makes the cancellation and the deposit interdependent, and the district court was equally without jurisdiction to order the one thing done as the other.

Our conclusion, then, is that the exception to the jurisdiction ratione personæ should have been sustained, in so far as the Misses Berenice and Ethel Adler were concerned, and that, as to their interests, the judgment in question must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, in so far as it affects the interests of Misses Berenice and Ethel Adler, or either of them, and that, as to them, the exception to the jurisdiction ratione personæ be sustained, and the rule to cancel dismissed, at the cost of the plaintiff.

It is further decreed that in other respects said judgment be affirmed.

## On Rehearing.

PROVOSTY, J. The rehearing was granted solely on the question of the sufficiency of the citation of Berenice and Ethel Adler, both non compos mentis. Counsel argue that, when the present proceeding came to be instituted, it was not possible to be certain whether these two persons were absentees or residents of the state, they having no fixed habitation, but spending part of their time, at irregular intervals, in, and part out of, the state, and that, in view of this uncertainty, it was deemed advisable by the attorneys instituting the proceeding to cite them as absentees and as residents both, and that this was done, that a curator ad hoc was appointed to represent them as absentees, which mode of proceeding against an absentee was approved by this court in the case of Hansell v. Hansell, 44 La. Ann. 548, 10 South. 941, and that "a special curator, in the sense of a tutor ad hoc to minors," was appointed to represent them as residents, which is the mode prescribed for such a case by articles 313 and 415, C. C., and Act No. 308 of 1910, p. 525, amending article 964, C. P.

The pleadings contain no allegation that the said two persons were absentees at the time of the institution of this proceeding; and the nearest that the evidence comes to showing that they were is the recital in the statement of facts that at the date of the partition suit, in 1908, Ethel Adler had then been adjudged non compos mentis by a court of the state of New York, and that on September 12, 1914, a court of the state of North Carolina entered a judgment of commitment against Berenice Adler. This evidence falls short of making proof that at the time of the institution of this proceeding

in December, 1914, either of these persons was an absentee.

Article 313 of the Code has reference only to minors, and article 415 only to persons interdicted; and the said defendants are neither minors nor persons interdicted, unless the judgment of the court of New York adjudging Ethel Adler to be non compos mentis can be taken to be the equivalent of an interdiction within the meaning of said article 415—a matter as to which this court, in the absence of said judgment and of the laws under which it was rendered, is not advised.

Act No. 308 of 1910, amending article 964 of the Code of Practice, reads as follows:

"Art. 964. *Tutors and Curators Ad Hoc.* The above provision shall not be so construed as to prevent persons having claims against a minor, insane person not interdicted, but committed to an insane asylum, or a person absent, pursuing the same previous to the interdiction of such insane person, or to a tutor or curator having been appointed as above prescribed; but in such cases, the person claiming must in his petition pray the court to which it is addressed to appoint a tutor or curator 'ad hoc' to defend the minor, insane, or absent person in the action."

This law has application only to persons "committed to an insane asylum," by which, we take it, is meant persons actually the inmates of an asylum, not persons who may at one time have been so committed, but who are no longer under the authority of such commitment. For all that appears, the said commitments of the courts of the states of New York and North Carolina may no longer be in force or operation; and therefore the evidence falls short of establishing that at the time of the institution of this proceeding the said persons were committed to an insane asylum within the meaning of said statute.

It is therefore ordered that the judgment heretofore handed down herein be reinstated as the judgment of this court.