O’NIELL, C. J.
This suit was brought against three nonresidents, namely, Learcus Strickland, his wife, Mrs. Dorothy Strickland, and George Hathaway, to recover $17,-799.22. Mrs/Strickland and George Hathaway were brought into court by attachments. The suit against Learcus Strickland was afterwards dismissed. It appears that the attachments were dissolved, but Mrs Strick *132 land and Hathaway filed answers to the suit, and a judgment was rendered against them in solido for $1,242.92 and' against Mrs. Strickland for the further sum of $1,230.
The minutes of the court show that, on the day on which the. judgment was. signed, and immediately aftey it was signed, the attorney representing the defendants moved for and was granted an appeal to this court. The judge, in his order of appeal, fixed the return day, and fixed also the amount of the bond to be given for a devolutive appeal. Thereupon, according to the minutes of the court, the attorney representing the plaintiff also asked for and was granted an appeal, said to be a suspensive as well as a devolutive appeal. The judge, in this order of appeal, fixed the same return day and the same amount of bond as in the order of appeal granted to the defendants.
There was no appeal bond given by either party. After the return day, plaintiff’s attorney, in open court, again moved for and was granted a devolutive appeal. The amount of the bond to be given was fixed at a sum much less than the amount fixed in the previous orders of appeal. Plaintiff furnished the bond fpr the sum fixed in the last order of appeal.
The defendants have moved to dismiss the appeal, on the following grounds, viz.:
First. That, on the 10th day after the judgment was signed, Mrs. Strickland paid to plaintiff $2,787.42, the exact amount of the judgment with accrued interest and costs, in full settlement; and that plaintiff then signed an(J gave to Mrs. Strickland his receipt for the amount, stipulating that the sum was received in full settlement and satisfaction of the judgment, and declaring that, in consideration of the payment aforesaid, he waived the right of appeal from the judgment.
Second. That there was no citation of appeal served or issued, notwithstanding the order of appeal was obtained by verbal motion in a term of court subsequent to that in which the judgment had been rendered.
Third. That plaintiff’s failure to prosecute the appeal first granted on motion of his attorney was an abandonment of the appeal; and that he could not thereafter take another appeal.
Attached to the motion to dismiss the appeal is a document purporting to be a copy of the receipt referred to in the motion. On its face it is a renunciation of any right of appeal plaintiff may have had. There is also attached to the motion a document purporting to be a copy of certain rules of the court, and of the court’s calendar; the purpose being to show that the second order of appeal was obtained at a term of court subsequent to that in which the judgment had been rendered.
Appellant’s attorney has filed in this court an answer to the motion to dismiss the appeal. He contends that neither the first nor the second ground urged in the motion to dismiss can prevail, because the documents referred to therein are nbt a part of the transcript of appeal, and because, according to article 895 of the Code of Practice, this court cannot consider issues that were, not contested or tendered in the district court. He contends that the order or rules of the district court fixing the terms of court were not recorded or published; and, in support thereof, he submits certain documents with his answer to the motion to dismiss the appeal. He argues that his failure to prosecute the appeal first granted was not an abandonment of the appeal, because the appeal was never perfected by the filing of an appeal bond. There are other arguments, as to which we shall reserve our judgment, becausé we have concluded that the case should be remanded to the district court to receive evidence on the motion to dismiss.
If appellant collected from Mrs. Strickland the amount of the judgment, and issued to her a receipt and acquittance such as the doc *134 ument annexed to the motion to dismiss this appeal, the appeal ought to be dismissed. Or, if the term of court in which the appeal was taken was not the same term in which the judgment had been rendered, the appeal should be dismissed for the failure to cite the appellees, if the failure was attributable to negligence on the part of appellant or his attorney.
We cannot receive evidence originally, or consider as evidence documents that were not introduced in the court below. The only way to get new evidence before an appellate court is to remand the case.
It is ordered that this ease be remanded to the .district court for the purpose of receiving in evidence the documents annexed to the motion to dismiss this appeal, and the documents annexed to the answer to the motion, and any and all other evidence that may be offered and be relevant to the issues raised by the motion to dismiss and by the answer thereto. A record of the evidence so taken is to be sent up as a part of the transcript.
On Resubmission of Motion to Dismiss Appeal.
This case has been resubmitted on the motion to dismiss the appeal. It was remanded for the introduction of evidence on the motion to dismiss. The receipt given by appellant to Mrs. Strickland, when she paid him the amount of the judgment, with interest and costs, is in these words and figures:
“Jennings, La., July 13th, 1923.
“Received of Mrs. Dorothy Strickland the sum of two thousand seven hundred eighty-seven and 42/ioo ($2,787.42) dollars in full settlement and satisfaction of the judgment rendered on July 3rd, 1923, in suit pf Hezekiah Winn v. Dorothy Strickland et al.,dumber 2053, and in full satisfaction of all demands of any nature whatsoever against the said Mrs. Dorothy Strickland, George Hathaway and Learcus Strickland, as set forth in the petition filed therein, save and except the demand for recognition of the reversionary clause, contained in article 36 thereof, which was dismissed as being premature, 'to which I reserve all rights to assert in a future action.
“In consideration of the payment of the above amount I also waive the rights of an appeal from any of the judgments rendered in the above cause.
Principal ......... $2,472.92
Int. 10 ds......................... 3.40
Costs ............................ 311.10
“[Signed] H. Winn.”
The judgment for $2,472.92 was rendered and signed on the 3d of July, 1923. The defendants, as well as the plaintiff, had obtained an Order of appeal, and they had ample time to perfect and prosecute their appeal, when the matter was settled by the payment of the sum, for which the court had given judgment. There is therefore no merit in appellant’s argument that there was no consideration given to the plaintiff for the-abandonment of his appeal.
It appears that, several months before the final judgment on the merits of the case was rendered, a judgment wás rendered in favor of the defendants, dissolving the writ of attachment, on a motion to dissolve, and another judgment was rendered sustaining an exception of no cause of action as to several of plaintiff’s demands. It is argued now, in a supplemental brief filed by counsel for appellant, that the receipt and renunciation which he gave when Mrs. Strickland paid the amount for which the judgment was rendered was not intended to be an abandonment of his right of appeal from the previous judgment dissolving the writ of attachment, or from the judgment sustaining ip part the exception of no cause of action, or from any other judgment than the judgment for $2,-472.92, which was paid, and for which the receipt was given. The second and last paragraph . of the receipt says, in language as plain as could possibly be used, that, in consideration of the payment of the $2,787.42, appellant waived the right of an appeal “from any of the judgments rendered in the above cause.” It is not contended that fraud *136 or misrepresentation was practiced upon appellant, or that he was ignorant of any fact, or of the consequence of his act; when he signed, the waiver of his right of appeal.
In a so-called supplemental answer to the motion to dismiss this appeal, appellant avers and shows that the defendants George Hathaway and Mrs. Strickland have brought suits against him for damages on account of the. dissolution of the writ of attachment which he procured in this case. He asks that, if we do not now overrule the motion to dismiss the appeal, we should remand the case to the district court again, in order that he may show all of the circumstances under which he gave the receipt, and show, that his waiver of his right of appeal did not refer to his right of appeal from the judgment dissolving the writ of attachment, or from the judgment sustaining in part the exception of no cause of action, and to show that, if the receipt and acquittance did operate as an abandonment of his right of appeal from the aforesaid judgments, it must have operated also as an abandonment of any claim that the defendants Hathaway and Mrs. Strickland may have had for damages resulting from the levy of the attachment.
As we have said, there is nothing ambiguous in the language of the receipt, or of the waiver of appellant’s, right of appeal. Without an allegation of fraud or error, he has no right to contradict or withdraw his waiver of the right of appeal. There is therefore no reason why we should remand the case again instead of dismissing the appeal.
Appellant has another alternative prayer, in his so-called supplemental answer to the motion to dismiss this appeal. He prays that, if we should conclude to dismiss the appeal, we should issue writs of prohibition to the district court and to Hathaway and Mrs. Strickland, as plaintiffs in the damage suits aforesaid, prohibiting further proceedings in the suits. We have refused to issue the writ of prohibition,' because the question whether Hathaway or. Mrs. Strickland abandoned any claim for damages that either of them may have had against appellant, when Mrs. Strickland paid the judgment appealed from, is a matter to be determined primarily by the district court, in the ordinary course of procedure, in the aforesaid damage suits.
The appeal is dismissed at appellant’s cost.