No. ——

First Circuit

HATHAWAY v. WINN

(January 28, 1926. Opinion and Decree.)
(March 2, 1926, Rehearing Refused)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Judgment—Par. 159.**

After a judgment dissolving a writ of attachment becomes final the illegality of its issuance is res adjudicata.

2. **Louisiana Digest — Attachment — Par. 162.**

Attorney's fees of $400.00 allowed as damages for the dissolution for a writ of attachment illegally issued.

3.—**Louisiana Digest — Attachment — Par. 159.**

Damages are recoverable for mortification, annoyance and vexation caused by the illegal issuance of a writ of attachment.

4. **Louisiana Digest—Attachment—Par. 162.**

Attorney's fees are not allowed as damages for the dissolution of an illegal attachment if the attorney also tried the case on its merits before the judgment.

Appeal from the Parish of Jefferson Davis. Hon Thomas F. Porter, Judge.

Action by George Hathaway against Hizekia Winn, et al.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

McCoy & Moss, of Lake Charles, attorneys for plaintiff, appellee.

Modisette & Adams, of Jennings, attorneys for defendant, appellant.

ELLIOTT, J., dissents written reasons attached.

MOUTON, J. Hizekia Winn, defendant herein, instituted a suit in the Parish of Jefferson Davis against Mrs. Dorothy Strickland and George Hathaway, plaintiffs in this case, as a surety. His demand against them was for $17,799.21. Upon the allegation that they were both non-residents of this state, he obtained the attachment of their property.

Plaintiff and Mrs. Dorothy Strickland each filed a motion to dissolve the writ of attachment on various grounds. The district judge in his written reasons held that the suit of Hizekia Winn was essentially one for an accounting and that on such a demand the writ could not be maintained, and that a decree would be rendered in conformity with those views. Later the court rendered judgment dissolving the writ for the reasons that had been previously assigned in writing. Mrs. Dorothy Strickland and plaintiff herein had also urged an exception of no cause of action, among the various pleas which they had set up for the dissolution of the attachment. This exception was not, however maintained, as the judgment merely dissolved the attachment and did not dismiss the suit of Hizekia Winn against plaintiff and Mrs. Strickland which was subsequently tried on the merits, the court rendering judgment therein for $2787.42 in favor of Winn, who later took a devolutive appeal from this judgment to the Supreme Court of this state. See Winn vs. Strickland, 155 La. 129, 98 South. 865.

The Supreme Court in Winn vs. Strickland, 155 La. 129, 98 South. 865, held that Winn had abandoned his appeal and dismissed it. The court grounded its opinion on a certain receipt which Winn had given Mrs. Strickland when she paid the judgment. In that opinion the Supreme Court said that a supplemental brief by counsel for Winn contended that the receipt which the court had held embodied a renunciation of the appeal was not intended to be an abandonment of his right of appeal from the previous judgment dissolving the writ of attachment. The court found otherwise and held it was clear from the language used in the receipt that appellant had waived his right of appeal from any of the judgments rendered in that cause. Counsel for Winn in that case asked if the court concluded to dismiss the appeal, that it should issue writs of prohibition to the District Court prohibiting further proceedings in the damage suit which had been filed by plaintiff and Mrs. Strickland in damages for the dissolution of the attachment. The court refused to issue writs of prohibition stating that if plaintiff and Mrs. Strickland had abandoned their claim for damages this question could be passed upon by the lower court in the ordinary course of procedure. The Supreme Court then dismissed the appeal. This dismissal, as appears from the reasoning of the court above referred to, has reference not only to the merits of the case but also to any of the judgments which had been rendered therein, and this included the judgment dissolving the writ of attachment. The judgment dissolving the writ being now final, the illegality of its issuance is res adjudicata. Chaffe & Sons vs. Elliott, 37 La. Ann. 183; Diboll vs. Aetna Life Insurance Co., 32 La. Ann. 183; Yeager Milling Co. vs. Lawler, 39 La. Ann. 572, 2 South. 398; McDaniel & Co. vs. Gardner & Co., 34 La. Ann. 343; Wall vs. Hardwood Mfg. Co., 127 La. 968, 54 South. 300. In the present suit plaintiff claims damages against Hizekia Winn, and Thomas Winn, surety on the attachment bond for $753.69, for attorney's fees for procuring the dissolution of the attachment, traveling expenses of his attorneys' for mental anguish, trouble and

annoyance. The court rendered judgment in his favor against Hizekia Winn and Thomas Winn, bondsman, for $253.69 with legal interest from judicial demand.

Defendant appeals and plaintiff asks for an increase in the judgment.

Counsel for defendant contends that damages are not recoverable for the dissolution of an attachment when it has been issued on the sole ground that the debtor resides out of the state.

He refers to several decisions which hold that an attachment so issued is itself the principal demand, the foundation of the suit, and stands in lieu of a citation required in ordinary proceedings. This is unquestionably the rule of law in attachments of that character. He says that in such cases the attachment is not a conservatory measure, and serves only as the basis or foundation for the suit so as to invest the court with jurisdiction. He thus assimilates the process of attachment against an absentee to an ordinary citation and concludes that when such an attachment is dissolved the debtor who has been attached is not entitled to any damages. Under an attachment a debtor's property is seized before judgment is obtained, and it is certainly a harsh remedy whether directed against an absentee or a citizen domiciled here on allegations of intended fraud or concealment of his property. In either case, a party who wields this powerful weapon against his adversary must, on the dissolution of the attachment, respond in damages for the unwarranted use of the writ.

Counsel for defendant refers us to the case of Tallahatchee Lumber Company vs. Marshall Lumber Company, decided by this court. In that case an exception of no cause of action had been filed and was maintained by the district judge. We held that the exception by its very nature had admitted as true the facts upon which the suit was based, and that necessarily the merits of the case had been presented for decision. We held that the maintaining of the exception, and the dismissal of the suit, was equivalent to a trial on the merits. In the instant case, as we have before stated, the attachment was dissolved because the demand was for an accounting. This appears from the record and from the briefs filed by counsel for defendant and for plaintiff. In the present case the attachment was dissolved but the suit was not dismissed, otherwise it would not have been prosecuted to final judgment and to subsequent settlement by payment. The case of the Tallahatchee Lumber Company vs. Marshall Lumber Company has no application.

Plaintiff swore that his attorneys had charged him $500.00 to procure the dissolution of the attachment in the District Court. Prominent attorneys of the Lake Charles bar placed an estimate much higher than $500.00 as a fair value for the services of an attorney to obtain the dissolution of an attachment in a suit of this character. They gave cogent reasons in support of this estimate. The property of plaintiff was attached upon a large claim and remained under seizure for several months. For the dissolution of the writ in the District Court the fee charged was not excessive, but we think that the sum of $400.00 would be a fair allowance. Attorney's fees, costs and other expense are recoverable in such cases. Chaffe & Sons vs. Elliott, 37 La. Ann. 183; Barrimore vs. McFeely, 32 La. Ann. 1180; State vs. Police Jury, 34 La. Ann. 43; Adler vs. Adler, 137 La. 968, 69 South. 761.

Plaintiff also claims damages in the sum of $250.00 for mental anguish, trouble and annoyance caused by the attachment. For the worry, annoyance and mental anguish

he suffered as the result of the attachment he estimates the sum of $250.00 as a small compensation. In his answer defendant alleges that a claim for damages of that character is too remote and ethereal for a court to value or appraise. The Supreme Court took a different view of this proposition in 33 La. Ann. 6, where it held that actual damages were recoverable on the dissolution of the writ for mortification, annoyance and vexation caused by the attachment. See also Graham vs. Western Union Telegraph Co., 109 La. 1074, 34 South. 91; Deslonde vs. O'Hern, 39 La. Ann. 18, 1 South. 286; M. L. Byrne & Co. vs. Gardner, 33 La. Ann. 8. We think plaintiff is entitled to $100.00 for the trouble, mortification and mental anguish which he swore he had suffered as the result of the attachment.

Plaintiff also asks for $250.00 for attorney's fees for professional services rendered by his attorneys in the Supreme Court. The suit was dismissed in that court on the ground that the receipt which had been given by Winn to Mrs. Strickland showed that the former had renounced or abandoned his right of appeal. The dismissal on the principal demand in that case carried with it a dismissal of the appeal on the judgment dissolving the attachment. The dismissal on the merits was more or less involved with the dismissal on the judgment dissolving the writ, and under such circumstances we will not allow attorney's fees for the services of counsel in the Supreme Court.

Plaintiff is, however, entitled to an increase in the judgment in the amount above stated.

It is therefore ordered, adjudged and decreed that the judgment be amended by increasing the amount allowed below to the sum of five hundred ($500.00) dollars, and as thus amended the judgment be affirmed with cost.

## REASONS FOR DISSENT
### (Judge Elliott)

The plaintiff, Hathaway, a resident at this time of the Parish of Jefferson Davis, signed a judicial bond whereby he became bound to defendant, Winn, and then left the State of Louisiana and became a resident of the State of California and an absentee from the State of Louisiana, and leaving no agent or representative in the Parish of Jefferson Davis upon whom citation and service could be made. Defendant Winn had recourse upon said bond and it was necessary under our law for him to attach defendant's property in the Parish of Jefferson Davis. The writ was properly issued under the law and was legally executed but the sheriff failed to post the writ as provided by Code of Practice, Art. 254, and the seizure was dismissed on said account and for no reason or fault that could be imparted to Winn. In such a case under the law Winn is not liable in damages on account of the execution of the writ. Succession of Hasley, 27 La. Ann. 592; Hatcock vs. Gray, 22 La. Ann. 472; Succession of Coughlin, 35 La. Ann. 345.

All claim for damages on account of the execution of the writ should be refused.