## No. 10,928.

### CITY OF NEW ORLEANS VS. METROPOLITAN BANK.

This court will consider the written evidence of settlement; and payment of the judgment appealed from, when the genuineness of the receipt showing pay- ment is not questioned by the appellee.

The amount paid in the settlement of its tax, made by defendant with the City Council, having been placed in the treasury of the corporation; no action having been taken toward setting aside the settlement, and no tender having been made of the [amount received in settlement, the plaintiff is without right to prosecute its suit for taxes settled, for an amount less than claimed as shown by the receipt produced.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

E. A. O'Sullivan, City Attorney, and E. T. Florance for Plaintiff and Appellee.

Buck, Dinkelspiel & Hart for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.    In March, 1891, plaintiff brought suit against the defendant for the sum of $2413 for taxes assesssd in the year 1878 against the "Metropolitan Loan and Savings Bank," a corporation which has since changed its name to "The Metropolitan Bank," under which it now does business.

The defendant pleaded the exception of no cause of action, which was referred to the merits.

In its answer the defendant pleaded the general issue, and especially denied that any legal or valid assessment of its property had been made for said year; it alleged that it had paid all taxes for that year legally assessed; that no demand had ever been made for said tax, and that the defendant was never advised of any assessment.

The case was tried in June, 1891.

On the trial plaintiff introduced in evidence the tax bill numbered 5863, and the assessment roll on which said tax was levied.

Judgment was rendered against defendant on 19th June, 1891, for the said sum of $744.23, together with 10 per cent. interest per annum, from March, 1878, and costs.

The defendant obtained a suspensive appeal to this court, and had its transcript of appeal filed in due time. Plaintiff answered the appeal, and prayed in its answer that the judgment be amended by increasing the amount to the sum claimed in its petition.

The defendant moves this court to dismiss the appeal on the ground

that it has settled plaintiff's claim in full, and annexes to its motion the original tax bill of the city of New Orleans, No. 5863, with the receipt endorsed and a copy of the ordinance under which the settlement was made. The said ordinance numbered 5665 shows that on the 9th day of October, 1891, the City Council directed the city treasurer to receive the sum of three hundred and fifty dollars in full settlement of tax bill No. 5863 of the year 1878 in the name of the said bank.

In compliance with this ordinance the said treasurer received the said sum in full settlement, as evidenced by the said receipt.

Both parties to the appeal complain of the judgment of the District Court.

The plaintiff objects to the evidence offered on the grounds that the issue presented is a new issue, not raised in the court *a qua*, and that no new evidence can be considered on appeal; that is to say, the city of New Orleans objects to any evidence of the ordinance authorizing its treasurer to accept $350, and of the city treasurer's receipt thereunder.

The genuineness of the receipt is not denied, nor is it averred that the Council has not adopted the ordinance offered.

Objection is urged to the consideration of evidence to show a fact occurring subsequent to the appeal.

The payment having been recently made (since the case is pending on appeal), the District Court had no jurisdiction at the time it was made.

The question arises as to whether or not the appeal can be maintained?

It would not serve any useful purpose to remand the case to the District Court to admit the evidence offered of a fact not denied.

This court has considered such evidence in a number of cases and determined whether the appeal should be dismissed.

Recently, in the case of I. K. Ober et al. vs. Excelsior Planting and Manufacturing Company, Soria, Receiver, *ante*, p. —, the question came up on the right of a third party to appeal whose interest had not been established contradictorily in the lower court, and which interest was denied in this court, it was decided that, " although our practice is to remand the issues in such cases for separate trial in the court below, it being apparent on the third party's own showing that he is without right, remanding would be useless."

It is manifest; the conclusion is unavoidable, that the objection is directed against the legal effect of the ordinance and the receipt, and not against the evidence *per se* as establishlng the fact of payment as alleged.

In other words, ihere is no issue of fact between the parties.

In New Orleans City Railroad Company vs. Crescent City Railroad Company, 33 An. 1277, referred to by the appellees, the court, under a misapprehension in the first place, referred the question of acquiescence to the court *a qua*.

On the rehearing, it having been ascertained that the issue of fact was not "disputed or doubtful," the appeal was dismissed on the ground of acquiescence in the judgment.

In the other case, to which we are referred, Tanneret vs. Merchants' Mutual Insurance Company, 32 An. 667, this court declined to decide certain questions of fact, which were controverted on appeal and which presented questions of "original jurisdiction" which properly vests in another tribunal.

It involved the legal existence of a corporation and questions of the extension of its charter; also questions of estoppel as grounds of dismissal of the appeal, of which the court states: "We have no knowledge at this stage of the proceeding and under the showing made."

The said case can not have the weight of an applying authority, as it presented issues entirely unproven, upon which the court's decision was sought.

The point under consideration presents one issue, that of payment, *vel non*, of a certain amount, under the authorization of the Council, which is not denied.

The fact that the payment was made, as alleged, can be considered on appeal when shown by a receipt, the authenticity of which is not questioned. White vs. Ramsey, 14 An. 329.

Plaintiff, in the alternative, contends, should the court consider the evidence tendered, that the ordinance offered and the act of the city treasurer thereunder are unconstitutional and *ultra vires*, and absolutely null and void.

The principles of law argued by plaintiff's counsel in opposition to the motion to dismiss, that the city council of a municipal corporation can not bind the corporation by any act which is beyond the scope of its powers, is not at issue in this case, nor have the prop-

ositions with reference to the power under its charter to remit, compromise, or commute taxes, any bearing, nor can any right of the Board of Liquidation, be considered at this time.

The plaintiff instituted this suit to recover an amount alleged to be due by the defendant for taxes assessed.

Only a part of the amount assessed was allowed.

It was received in settlement and placed in the treasury of the corporation to its credit.

If it be conceded for the discussion, that, the City Council is an agent and has only such power as the plaintiff states, the fact remains that the principal has received the amount which it now holds.

It can not retain an amount which it received in settlement of a tax and at the same time recover a judgment as if no settlement and payment had been made.

Should the motion to dismiss be overruled, the defendant would be placed in the attitude of having executed the judgment and of being bound in every respect, while plaintiff would be entirely relieved, although holding the amount paid as before mentioned.

There are no rights involved other than those set forth by plaintiff.

The Board of Liquidators is not a party to the suit; no evidence has been introduced to prove any right it may have.

The City of New Orleans, represented by its attorney, who is the legal adviser of the corporation, in all matters in which his advice may be necessary, has made the settlement. Sec. 27 of Act. 20 of 1882.

It has received and retains the amount paid. Without any action whatever on the part of the city authorities, and while retaining the said sum, the counsel of plaintiff are without legal authority to have decided questions they present against the binding effect of the said settlement.

The city treasurer having given the said receipt the appeal must be dismissed.

The motion to dismiss is sustained and the appeal is dismissed at appellant's cost.

### ON APPLICATION FOR REHEARING.

FENNER, J. In the brief for rehearing counsel say:

" This honorable court in dismissing the appeal herein seems to have understood that the city admits the facts as recited by the court.

"In this the court is under an erroneous impression.

"So far from admitting, the city denies them and asks an opportunity of disproving them.

"The City of New Orleans denies that it has passed any ordinance whereby the treasurer of the city is authorized to accept $350 in settlement of the tax due by the Metropolitan Bank, sued for herein. The City of New Orleans denies that the treasurer of said city has received payment of said tax."

In their original brief, on which the case was submitted for decision, the same counsel said, as part of their statement of facts:

"The city passed the ordinance in evidence (if it be considered by the court) authorizing the city treasurer to accept $350, in settlement of the whole claim, and the treasurer accepted same."

Rehearing refused.