186 So. 41

Succession of GRAVOLET.

Intervention of ADEMA REALTY CO., Inc.

No. 35084.

Jan. 10, 1939.

Rudolph M. McBride, McCloskey & Moore, and A. Brown Moore, all of New Orleans, for appellant.

Oliver S. Livaudais, of New Orleans, for appellee.

Neil Armstrong, Jr., of New Orleans, for appellee Gravolet's Estate.

LAND, Justice.

On May 11, 1937, Adema Realty Co., Inc., leased to Anson Gravolet a site on the Pointe-a-la-Hache Canal in Plaquemine Parish for a term of ten years, for an annual rental of $240, payable annually in advance.

The lease includes also the use of the Canal for the operation of twelve of lessee's boats, together with the right to use all roads and canals for ingress or egress, contiguous or leading to the leased premises.

The rental for the first year was paid in advance, as required by the terms of the lease.

Anson Gravolet, lessee, died December 24, 1937. His succession was opened and was being administered, when the Adema Realty Co., Inc., filed a petition of intervention on February 21, 1938, against the executrix for the sum of $2,160 for the remaining nine years of the lease, alleging that the succession was liable for that amount.

Intervener alleged that the succession is insolvent, that intervener has a right of pledge and privilege on the movable effects of the late lessee for rent due and to become due and on all other movables found upon the leased premises; and that intervener desires to have recognized its lessor's lien and privilege on all buildings placed on the leased grounds, all movables, and all other effects located on said premises, and that its lien be given priority over all other creditors.

Petitioner prayed for judgment against the succession of Anson Gravolet for the full sum of $2,160 and that its lessor's lien and privilege be recognized and enforced against all buildings on the leased premises, all movables, and all other property of whatever description, belonging to the succession of Anson Gravolet or to any other person, situated on the leased premises.

Petitioner further prayed, in the event any of the property subject to petitioner's lien and privilege should be sold under succession proceedings, that petitioner's lien and privilege be paid out of the proceeds of the sale its claim in full with priority over all other creditors.

On May 23, 1938, Oliver Pivert, Juliette Haas, wife of and Sidney N. Haas, filed an intervention, alleging that they were interested in the outcome of this suit and desired to become a party thereto by uniting with the defendant, the executrix of the succession of Anson Gravolet, in resisting the claims of the intervener, Adema Realty Co., Inc.

That petitioners are ordinary and privileged creditors of the estate for a gross total sum of $10,972.88, and that under Act 190 of 1926 the lessor's privilege and right

of pledge is limited to a term of six (6) months after the death of the lessee, Anson Gravolet, as the premises were used wholly for mercantile purposes.

Petitioners pray for judgment in favor of defendant and interveners and against plaintiff, the Adema Realty Company, rejecting its demands at its cost.

The case was tried upon the following Agreed Statement of Facts:

"That Anson Gravolet leased from the plaintiff, Adema Realty Co., Inc., on May 11, 1937, the tract of land described in the copy of the lease annexed to this statement of facts and made part hereof, on the terms and conditions as are set out in said lease; that this lease was given in lieu of a previous lease dated September 21, 1933, during which previous lease Anson Gravolet constructed certain buildings on the leased premises; that Anson Gravolet owned these buildings in which he operated a business of canning shrimp and oysters; that in the process of this business, the said Anson Gravolet purchased the seafood from fishermen, cleaned and canned the same, and sold the canned product in case lots at wholesale; that Anson Gravolet died on December 24, 1937, and that his succession has been opened in this court; that the succession is liable for the rent to become due under the lease, but that the sole question involved is the extent of said liability because of the effect of Act 190 of 1926.

"It being agreed that if said act applies, the liability of the succession is limited to the rent due for a period of six months from the date of lessee's death, and if said act does not apply, then the succession is liable for the full amount of the rent to become due under the lease." Transcript, pp. 33 and 34.

The trial Judge held in a written opinion that Anson Gravolet, under the Agreed Statement of Facts, was doing a mercantile business, as "In the instant case the canning of shrimp and oysters is no different than the making of boiled hams in the State v. Gardner & Jacob Co. Case, 176 La. 221, 145 So. 521, who were held to be doing a mercantile business and not manufacturers for the purpose of taxation." Transcript, p. 45.

Accordingly, judgment was rendered maintaining the intervention of the Adema Realty Co., Inc., to the extent of six (6) months after the death of the lessee, Anson Gravolet, December 24, 1937, with the privilege as prayed for, or for one-half of the annual rental of $240, or the sum of $120, and the remainder of the sum claimed was dismissed "with reservation of all its rights." Transcript, pp. 45 & 46.

From this judgment, the intervener, Adema Realty Co., Inc., has taken a suspensive appeal to this Court.

The defendant, Mrs. Anson Gravolet, executrix of the Estate of Anson Gravolet, has filed a motion to dismiss the appeal in this case, and interveners, Oliver Pivert, Juliette Haas, wife of and Sidney N. Haas, join in this motion, the grounds of which are as follows:

"That, considering that the basis and foundation of this suit of the Adema Real-

ty Co., Inc., Plaintiff-Appellant herein, is the recognition of its Lessor's lien and privilege on the buildings and property located on the leased premises, and that by virtue of the adjudication of the factory buildings and property contained herein to Bougon's Oyster House, Paul Bougon, proprietor, together with the lease of the Plaintiff-Appellant herein, which has been assumed by the said Adjudicatee, Bougon's Oyster House, Paul Bougon, proprietor, with full recognition of its Lessor's lien and privilege for the full unexpired term of said lease, and that by virtue of said assumption the Plaintiff-Appellant's claim for recognition of its Lessor's lien and privilege on the buildings and property located on said leased premises is fully secured, and that a further prosecution of the present appeal, which delays the liquidation of the Estate of Anson Gravolet and which works a great hardship on the creditors of this Estate, who are in need of the amounts due them, could serve no useful purpose and affords no greater relief to Plaintiff-Appellant even if the judgment of the lower court, which restricted the claim for Lessor's lien and privilege on the buildings on leased premises to six months after the death of deceased, in accordance with the provisions of Act 190 of 1926, was reversed, for the reason that the payment of the rental due and the recognition of Plaintiff-Appellant's Lessor's lien and privilege for the unexpired term of said lease is all that is claimed and prayed for in Plaintiff-Appellant's petition, and, accordingly, is all that could possibly be decreed by this Honorable Court in reversing the judgment of the lower court."

■ (1) In the first place, the motion to dismiss the appeal is based on an incorrect statement of the issues and pleadings.

Intervener, the Adema Realty Co., Inc., has prayed not only for the recognition of its Lessor's lien and privilege on the buildings and property located on the leased premises, but for judgment against the Succession of Anson Gravolet for the full sum of $2,160, and, in the event any of the property subject to the lien and privilege of the Adema Realty Co., Inc., should be sold under succession proceedings, that intervener's lien and privilege be paid out of the proceeds of the sale its claim in full with priority over all other creditors.

In the Agreed Statement of Facts it is specifically admitted "that Anson Gravolet died on December 24, 1937, and that his succession has been opened in this court; that the succession is liable for the rent to become due under the lease, but that the sole question involved is the extent of said liability because of the effect of Act 190 of 1926.

"It being agreed that if said act applies, the liability of the succession is limited to the rent due for a period of six months from the date of the lessee's death, and if said act does not apply, then the succession is liable for the full amount of the rent to become due under the lease." Transcript, pp. 33 and 34.

(2) The judgment suspensively appealed from by the Adema Realty Company was rendered and signed June 18, 1938.

There is annexed to the motion to dismiss the appeal by defendant, executrix of the estate of Anson, Gravolet, a proces verbal of sale and adjudication by the sheriff and ex-officio auctioneer to Bougon's Oyster House, Paul Bougon, proprietor, of date August 6, 1938, of the factory buildings, appurtenances and machinery, and of the lease and right of occupancy of site leased, the adjudicatee assuming payment of rental for the full unexpired term, rental to be paid in advance annually. This proces verbal of sale and adjudication is offered in this court for the first time.

It is well settled that the Supreme Court cannot receive evidence originally, nor consider as evidence documents that were not introduced in the court below, in view of Article 895 of the Code of Practice. Winn v. Strickland, 155 La. 129, 98 So. 865; Merchants' & Farmers' Bank & Trust Co. v. Hammond Motors Co., 161 La. 288, 108 So. 485; Tanneret v. Merchants' Mut. Ins. Co., 32 La.Ann. 663; Succession of Trouilly, 52 La.Ann. 276, 279, 26 So. 851.

As the issues raised in the motion to dismiss the appeal in this case are predicated upon the sale of the succession property and of the lease made long after the suspensive appeal was taken by intervener, the Adema Realty Co., Inc., it is manifest that no such issues were raised in the trial court, and, for this reason also, will not be considered here.

Motion to dismiss appeal is denied and overruled.