197 So. 572

Succession of GRAVOLET.

Intervention of ADEMA REALTY CO., Inc.

No. 35084.

June 28, 1940.

Rehearing Denied July 18, 1940.

Rudolph M. McBride, McCloskey & Moore, and A. Brown Moore, all of New Orleans, for intervenor, appellant.

Oliver S. Livaudais, of New Orleans, for defendant-appellee.

Neil A. Armstrong, Jr., of New Orleans, for intervening creditors, appellees.

ODOM, Justice.

In September, 1935, the Adema Realty Co., Inc., leased to Anson Gravolet a strip of land on the Pointe-a-la-Hache Canal in Plaquemines Parish. At that time there were no buildings or other improvements of any character on the strip of land. Gravolet, the lessee, constructed certain buildings on the leased premises, which he used in his business of canning shrimp and oysters. The lessor never acquired any interest in the buildings erected by the lessee.

On May 11, 1937, the Adema Realty Co. made another lease of the same property

to Anson Gravolet, the second lease apparently being an extension of the first. The second lease was for a period of 10 years, for rental of $240 per annum, payable annually in advance. Gravolet continued his shrimp and oyster canning business until the date of his death on December 24, 1937.

Shortly after Anson Gravolet's death, his widow was appointed administratrix of his succession. On February 21, 1938, the Adema Realty Co. filed a petition of intervention in the succession proceeding, claiming the sum of $2,160 for the remaining nine years of the lease. It prayed for judgment against the succession for that sum, and that its lessor's lien and privilege be recognized and enforced against all the buildings on the leased premises and on all movables of every character and description belonging to the succession.

Another creditor intervened in the succession proceeding and joined the administratrix in resisting the claim of the Adema Realty Co. for the full amount which it claimed, the contention being that under Act 190 of 1926 the lessor's privilege and right of pledge is limited to a term of six months after the death of the lessee because the premises were used wholly for mercantile purposes.

On June 18, 1938, the district court rendered judgment decreeing "that the intervention of the Adema Realty Co., Inc., plaintiff, be maintained to the extent of six (6) months after the death of the lessee, Anson Gravolet, December 24, 1937, with privilege as prayed for, or for one-half of the annual rental of $240 or the sum of $120, and it is hereby dismissed as to the remainder of the sum claimed".

From this judgment the Adema Realty Co. appealed to this court. A motion to dismiss the appeal was denied by this court on Jan. 10, 1939 (191 La. 599, 186 So. 41). While the intervention proceedings were pending in the lower court, the administratrix applied for, and was granted, an order to sell the property of the succession to pay debts. She listed as items for sale all the buildings and improvements erected on the leased premises by Anson Gravolet, the lessee, and the lease itself and the right of occupancy of the premises under the lease. The other property listed for sale is not involved in this lawsuit. The buildings and the lease itself were advertised for sale, the advertisement containing the stipulation "that Purchaser is to assume the payment of all the rental due under said Lease for the full unexpired term of said Lease, as provided by the said Lease— the sum of $1,920.00".

The sale was made on August 6, 1938, and Bougon's Oyster House, Paul Bougon, Proprietor, became the purchaser of the buildings and the lease, the sheriff's proces verbal of the sale reciting that the purchaser had assumed the obligation of paying the rentals as they fell due under the lease.

When the case was reached for argument in this court, counsel exhibited the advertisement and proces verbal of the sale, which had not been filed in evidence in the lower court. It was suggested that this court had no right to consider these

documents for the reason that they had not been filed, and on March 6, 1939, we remanded the case to the lower court for further hearing and for the reception of evidence relating to the proceedings which took place in the lower court subsequent to the date on which the appeal was granted. 192 La. 255, 187 So. 659. The case was reopened in the district court, and all documents relating to the sale of the property at succession sale, including the judgment ordering the sale, the advertisement, and the proces verbal of the sale, were filed in evidence. Some additional testimony was heard showing that the Succession of Gravolet was insolvent.

After the second hearing in the trial court, the following judgment was rendered:

"It is ordered, adjudged and decreed that the judgment herein rendered by this Court on the 18th day of June, 1938 be recalled, rescinded and annulled, and that there now be judgment in favor of Mrs. Thelma Dragon Gravolet, Testamentary Executrix of the Estate of Anson Gravolet, defendant herein, and against plaintiff, Adema Realty Company, Inc., recognizing the full validity of the adjudication of said lease and factory buildings and appurtenances to Bougon Oyster House, Paul Bougon, Proprietor, who, by virtue of the adjudication, has recognized plaintiff's lessor's lien and privilege on the factory buildings and appurtenances securing said lease and has assumed the payment of the full rental under the terms of said lease as same becomes due; and,

"That there be further judgment restricting the claim of Adema Realty Company, Inc. against the Estate of Anson Gravolet to the extent of one year's rental, which is now due and payable in advance under the lease for the year ending May 11th, 1939, viz: the sum of Two Hundred, Forty and No/100 ($240.00) dollars, and ordering the immediate payment of this amount by the defendant executrix herein, with full privilege and preference over all ordinary creditors."

From this judgment the Adema Realty Co. appealed.

Counsel for appellant state in their brief that the questions presented on this appeal are whether the rent for the full term is now due and collectible, and whether the provisions of Act 190 of 1926 are applicable to this case.

We hold that Act 190 of 1926 does not apply. It provides in Section 1 that the lessor's privilege and right of pledge under any lease "on any building used wholly or in part for mercantile purposes, executed or entered into after August 31st, 1926, shall not extend in the case of the failure or death of the lessee in such a way as to secure rent for a term of more than six months after such death or failure". The reason the act does not apply in this case is that the property leased consisted of a tract of land on which there were no buildings of any character or description at the time the original lease was made. At the time the second lease was made on May 11, 1937, there were buildings on the land; but they had been

erected and were owned by Anson Gravolet, and the lease covered the land only. The act applies to leases on buildings used wholly or in part for mercantile purposes, and does not apply to leases on lands.

Act 190 of 1926 amends and reenacts Act 128 of 1894. The only change made in the amending act is that the term specified is six months instead of 12 months, as was specified in the original act.

In the case of Patterson Co. v. Port Barre Lumber Co., 136 La. 60, 66 So. 418, this court held that "Act No. 128 of 1894, limiting the lessor's lien to one year after the death or failure of the lessee, is restricted to buildings used wholly or in part for mercantile purposes, and has no application to a lease of a tract of land" (Paragraph 3, Syllabus).

The other question involved is whether the rent for the remaining nine years of the lease is due and collectible at this time. As we have stated, the lease was purchased by Bougon's Oyster House, Paul Bougon, Proprietor, the purchaser assuming the obligation imposed by the contract of paying the annual rent installments as they fell due. The sale of the lease under the conditions imposed was recognized and decreed to be valid by the second judgment. Intervener's complaint is that there should have been judgment decreeing these annual rental installments to be presently due and payable because the succession is insolvent. Counsel's contention as to this point is without merit.

Article 2054 of the Revised Civil Code reads as follows:

"Wherever there is a cession of property, either voluntary or forced, all debts due by the insolvent shall be deemed to be due, although contracted to be paid at a term not yet arrived; but in such case, a discount must be made of the interest at the highest conventional rate, if none has been agreed by the contract."

Counsel for appellant argue that there should have been judgment decreeing these rental installments due and that the amounts thereof should be discounted as provided in the above quoted article of the Code, and that intervener should have judgment against the succession for the total of the rental installments, less the discount. But it has been several times held by this court that mere insolvency of the debtor does not mature such debts. In the case of State National Bank v. New Orleans Brewing Ass'n, 49 La.Ann. 934, 22 So. 48, 50, this court, in discussing the meaning of the above article of the Code, said:

"Hence the Code itself declares it is the cession of property, not actual or supposed insolvency, that matures the debt. Article 2054. There is a line of cases that hold that the insolvency, whenever used by the Code to mature debts or to accomplish any other purpose, means judicially declared insolvency; that is, the cession of property. Millaudon v. Foucher, 8 La. 582; Harrod v. Burgess, 5 Rob. (La.) 449; Denegre v. Milne, 10 La. Ann. 324; Seixas v. [Citizens'] Bank, 38 La.Ann. [424] 443."

The same ruling was made in the case of Union National Bank v. Forsyth et al., 50 La.Ann. 770, 23 So. 917.

Counsel for appellant rely on the case of Patterson Co. v. Port Barre Lumber Co., supra. In that case defendant lumber company was put in the hands of a receiver, at which time it owed the plaintiff a large sum for rental installments not then due. The court held that these rentals became payable when the receiver was appointed. The reason for the holding was that the order putting the corporation in the hands of a receiver was a "forced" cession of its property and the article of the Code says that, wherever there is a cession of property, "either voluntary or forced", all debts due by the insolvent shall be deemed to be due, although contracted to be paid in the future. In the present case the succession is insolvent, but there was no cession of property, either voluntary or forced. The Patterson case is not applicable.

The remaining question raised by counsel for appellant is whether the lessor is bound by the sale of the lease to Bougon's Oyster House. Their contention is that the effect of the sale was to substitute this purchaser as its lessee for the lessee named in the contract of lease, and that the law authorizes no such substitution.

There is no merit in this contention. Article 2725 of the Revised Civil Code provides that:

"The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.

"The interdiction may be for the whole, or for a part; and this clause is always construed strictly."

There is nothing in the lease contract which prohibits the sale of the lease by the lessee named therein, and certainly, if the named lessee was at liberty to underlease or sell the lease during his lifetime, there is no reason why his succession representative by order of the court may not do the same thing. Counsel cite no law or jurisprudence to the contrary. Intervener has a lien and privilege on the buildings and improvements erected on the lease for the payment of his rent. In case the purchaser of these buildings and of the lease defaults on his payments, the lessor has the same right to proceed against him for the collection of its rent that it would have had if there had been no succession sale.

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.

LAND, J., absent.