ROGERS, Justice.
 

 Mrs. Lillian Lewis Wilson sued her husband Justin E. Wilson for a separation from bed and board on the ground of abandonment. In addition to her demand for separation, Mrs. Wilson asked for alimony and the custody of the two children of the marriage, a girl five years old, and a boy two years old. Mr. Wilson, answering plaintiff’s petition denied the alleged abandonment, averred the extra-judicial settlement of the matrimonial community, and asked for the custody of the children. Judgment was rendered granting the separation to Mrs. Wilson, approving the settlement of the community, giving the custody of the elder child to the parties jointly, giving the custody of the younger child to Mrs. Wilson, and ordering Mr. Wilson to pay alimony of $100 a month to Mrs. Wilson for her support and for the support of the children. As Mrs. Wilson was desirous of fitting herself to earn a livlihood, by agreement the spouses placed the elder child, a little girl, in the custody of the sister and brother-in-law of Mr. Wilson, Mr. and Mrs. Bolivar E. Kemp, with whom the child had previously spent a great portion
 
 *201
 
 of her time. Mrs. Wilson placed the other child, a little boy, in the care of her mother.
 

 More than a year after the judgment for separation and for alimony was rendered, Mr. Wilson, alleging that Mrs. Wilson was gainfully employed and that none of the alimony had been used for the support of the little girl, sought by rule to have the alimony reduced to the extent that it was awarded for her support and for the support of the little girl. On the day the rule was tried, Mrs. Wilson filed suit for final divorce, based on the separation from bed and board, re-urging her demand for the custody of the children and for alimony at the rate of $100 per month. The rule taken by Mr. Wilson for the reduction of alimony was dismissed. Answering the suit of Mrs. Wilson for divorce, Mr. Wilson admitted the rendition of the judgment of separation, and the lapse of one year without reconciliation, but asked that his sister, Mrs. Bolivar E. Kemp, be awarded the custody of the little girl. Mr. Wilson again asked that no alimony be allowed for the support of Mrs. Wilson, or for the little girl, but only for the support of the little boy.
 

 After hearing the parties, the trial judge rendered judgment in favor of Mrs. Wilson, granting her a final divorce and the permanent care and custody of the little boy and alimony at the rate of $100 per month, but he awarded the custody of the little girl to her aunt and uncle, Mr. and Mrs. Bolivar E. Kemp, with whom she was living at the time. Mrs. Wilson applied for an appeal, suspensive and devolutive, from that part of the judgment awarding the custody of the little girl to Mr. and Mrs. Bolivar E. Kemp. The trial judge granted Mrs. Wilson a devolutive appeal, but declined to grant her a suspensive appeal. Mrs. Wilson then applied to this Court for a writ of mandamus to compel the judge to grant her a suspensive appeal. Holding that the relief sought by Mrs. Wilson would avail her nothing since a suspensive appeal would only have the effect of delaying the matter and leaving the custody of the little girl where it was originally placed in the judgment of separation from bed and board, this Court denied the relief sought by Mrs. Wilson. Wilson v. Wilson, 202 La. 520, 12 So.2d 258. After the suspensive appeal was denied, the case was brought here on a devolutive appeal.
 

 Mr. Wilson answered the appeal, contesting the award of alimony so far as it applied to Mrs. Wilson and the little girl and asked that the amount of alimony be reduced from $100 to $15 a month for the support of the little boy.
 

 On the day the appeal was argued, Mrs. Wilson filed in this Court a petition setting forth that since the judgment appealed from was rendered in the district court, Mr. and Mrs. Bolivar E. Kemp, to whom the custody of the little girl was awarded, had voluntarily surrendered the little girl to the petitioner. Annexed to the petition is a copy of a letter dated January 3, 1944, addressed by Mrs. Bolivar E. Kemp to the Chief Justice. In this letter, after showing that while neither she nor her husband were parties to the suit, the trial court awarded the custody of the little girl to them, Mrs. Kemp stated:
 

 
 *203
 
 “Since that time conditions have changed and Mrs. Wilson has returned from California to Louisiana and wants the custody of the child, and while we have had Pamela a great part of her life and enjoyed her love and companionship, we do not feel that it is to her interest to seek her care longer unless agreeable to both her father and mother.
 

 “I, therefore, request that you inform the other members of the Supreme Court of our attitude so that the judgment can be changed in this respect or remanded so that it can be corrected in the lower Court.”
 

 Mrs. Kemp also advised the Court, through the Chief Justice, that she had sent a copy of the letter to the trial judge and to the attorneys representing the respective parties.
 

 ' In her petition, Mrs. Wilson alleges that, under the law and the evidence as contained in the transcript, the judgment of the district court is erroneous and should be reversed so far as it grants the custody of the petitioner’s child, Pamela Wilson, to Mr. and Mrs. Bolivar E. Kemp; and, in the alternative, that the cause should be remanded to the district court in order that proof may be made of the facts stated in the petition. The prayer of the petition is in accordance with its allegations.
 

 The rule is that this
 
 Court can not
 
 receive evidence originally nor consider as evidence documents that were net introduced in the court below. Code Prac. arts. 894, 895; Succession of Gravolet, 191 La. 599, 186 So. 41. But the rule has been relaxed where facts occurring subsequent to the appeal are not denied. In a number of cases this Court has considered evidence of such facts, since it' would serve no useful purpose to remand a case for the purpose of offering evidence in the court below of facts which are not denied. White v. Ramsey, 14 La.Ann. 329; City of New Orleans v. Metropolitan Bank, 44 La.Ann. 698, 11 So. 146; Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965.
 

 As the letter of Mrs. Kemp to the Chief Justice does not involve any issue of fact between the parties, it might be considered if it were relevant to the issue before the Court. Although subsequent to the judgment of the district court, Mr. and Mrs. Kemp voluntarily surrendered custody of the little girl to Mrs. Wilson, that fact of itself does not make the judgment erroneous or dispense with the necessity of an adjudication by this Court as to its correctness.
 

 There seems to be no legal obstacle to the final disposition of the case as it has been made up in the district court as shown by the transcript of the proceeding and we shall now proceed to consider it on the merits.
 

 The only question presented for decision on the merits involves the correctness of that part of the judgment which awards the custody of the little girl to Mr. and Mrs. Kemp and alimony to Mrs. Wilson.
 

 As shown by his reasons for judgment, the trial judge reached the conclusion that it was to the interest of the little girl to remain with Mr. and Mrs. Kemp, her uncle and aunt, with whom she was temporarily living at the time. He stated correctly that Mr. and Mrs. Kemp are members of an
 
 *205
 
 old and prominent family in the community and are well able to care for the child financially, morally and physically. In reaching his conclusion, the trial judge took into consideration the fact that the child needed constant attention which Ee did not think her mother was in a position to give her. Mrs. Wilson, at the time the case was tried, was employed in California where she was living with her sister. And it was the opinion of the trial judge that since the employment of Mrs. Wilson kept her away from home during the day she could not care for the child as well as Mrs. Kemp, the child’s aunt. In connection with his ruling, the judge remarked that the custody of children is never final and is subject to change as' conditions change. Mr. Kemp, testifying in the case, stated that, unless it was agreeable to all parties, neither he nor his wife desired the custody of the child and his testimony in that respect is corroborated by the letter written by Mrs. Kemp to the Chief Justice.
 

 It is stated in the brief of counsel for the plaintiff that although Mrs. Wilson had a good position in California, she felt obliged, after the decision in this case, to give up the position and return to the City of Hammond in order to fight for the custody of her child. It i$ contended in the brief of counsel for the defendant that the statement can not avail the plaintiff since counsel for plaintiff in making the statement has gone outside the record. It is true, as suggested by counsel for defendant, that we might remand the case in order that proof be made of the fact as stated by counsel for plaintiff, but we do not understand counsel for defendant denies that the statement is correct and it would serve no good purpose to remand the case to prove a fact which is not denied.
 

 The law in cases such as this is well settled. Under Article 157 of the Civil Code, prior to its amendment by Act No. 38 of 1921, the custody of children of the marriage was retained by the party obtaining the divorce. According to the article as amended and reenacted by Act No. 38 of 1921 and Act No. 74 of 1924, a party who obtains a judgment of divorce is entitled to the custody of the children unless for the advantage of the children the judge shall order that they be placed in the care of the other party. In this case we do not find any reason for withholding the right of Mrs. Wilson to have both her children continuously in her care and keeping and to receive alimony for their support. This Court finds, as did the trial judge, that there is no question of the fitness of Mrs. Wilson to have the custody of the children. The mere fact that she is not as financially able to take care of the children as their uncle and aunt does not justify the court in denying her their custody. State v. Ford, 164 La. 149, 113 So. 798; State v. Corley, 172 La. 266, 134 So. 87.
 

 Counsel for defendant cites and relies upon the rulings of this Court in a number of cases holding that while ordinarily parents have the natural and legal right to the custody of their minor children their right is not absolute and that the state, having an interest in the welfare of children, may award their custody to other persons related to them by blood or marriage. But none of those cases are in conflict with our ruling in this case which is based upon facts
 
 *207
 
 that bring it within the provisions of the article of the Civil Code and the decisions we have cited.
 

 The judgment of the district court so far as it awards the custody of the little girl, Pamela Wilson, to her uncle and aunt, Mr. and Mrs. Kemp, must be reversed.
 

 It is a father’s duty to support his minor children and that duty is not affected by divorce and the assignment of the custody of the children to the wife.
 
 Civil
 
 Code, arts. 227, 230; State v. Seghers, 124 La. 115, 49 So. 998; Hardy v. Collins, 136 La. 467, 67 So. 333. Hence, there can be no question that Mr. Wilson’s children are entitled to alimony from him. So far as Mrs. Wilson is concerned, she is entitled to alimony, if at all, under the provisions of Article 160 of the Civil Code, as amended by Act No. 27 of the Second Extra Session 'of 1934.
 

 The alimony authorized under the article of the Code is in the nature of a pension and is due the- wife only in case she has not sufficient means for her maintenance. This alimony can not exceed one-third of the husband’s income and is revocable when it becomes unnecessary. Fortier v. Gelpi, 195 La. 449, 197 So. 138.
 

 It is said in the brief filed on behalf of defendant that he was inditcted into the military service of the United States between November 20, 1942, when the case was tried, and December 4, 1942, when the judgment was rendered and signed, and that for the reason Mr. Wilson was then earning only $50.00 a month and for the further reason that Mrs. Wilson did not need the alimony for her maintenance, it should be discontinued.
 

 On January 6, 1943, Mr. Wilson filed a rule which he caused to be served on Mrs. Wilson asking to be relieved from paying alimony to her in any amount effective on the date of his induction into the armed forces of the United States and during the period of his service. At the time this rule was filed, the judgment of divorce awarding alimony had been rendered and signed and a devolutive appeal had been granted therefrom. So far as the record shows, the rule was not heard until February 9, 1943, when, after argument, it was submitted to the Court, but apparently no judgment was rendered on the rule and no further, action was taken in the matter. This may have been due to the fact that, as shown by the briefs filed by the respective parties, Mr. Wilson’s Military service was cut short by his honorable discharge from the Army based on physical disability.
 

 Be that as it may, in passing upon the question of alimony, this Court is bound by the record and can not alter the judgment on ex parte statements made on behalf of Mr. Wilson on his appeal. So far as the record shows, at the time the case was tried, Mr. Wilson was earning $300 per month. He admitted that he had no knowledge as to what salary or wages Mrs. Wilson was earning and what her living expenses were in California. Mrs. Wilson testified that she was employed in a confidential capacity in the War Department at a salary of $125 per month and that her expenses, including an amount of $35 which she sent her mother monthly for the support of her little son, amounted to $202.50. She further testified that living expenses in the City of
 
 *209
 
 San Diego where she was employed were high and that the amount she received monthly for her alimony and salary was barely sufficient to take care of her living expenses considering the amount that she sent home for the support of her little son.
 

 In these circumstances, we do not feel justified in altering the judgment with respect to the amount of alimony therein awarded to Mrs. Wilson. If Mr. Wilson’s income has been reduced or if Mrs. Wilson’s income has been increased since the trial of the case, Mr. Wilson may apply for relief with respect to the future by invoking Article 232 of the Civil Code, but he must do this in the district court. Cignoni v. Cignoni, 139 La. 978, 72 So. 707.
 

 For the reasons assigned, the judgment appealed from is annulled so far as it awards the custody of the minor child, Pamela Wilson, to Mr. and Mrs. Bolivar E. Kemp, and it is now ordered that the custody of the said child be and the same is awarded to her mother, Mrs. Lillian Lewis Wilson. It is further ordered that in all other respects the judgment appealed from be affirmed, all costs of the proceeding to be paid by the defendant, Justin E. Wilson.