tory minimum sentence set forth at 21 U.S.C. § 841(b)(1)(A)(v).

An appropriate Order has issued.

**L & L OIL COMPANY, INC.**

v.

**HUGH MAC TOWING CORP., et al.**

Civ. A. No. 94–734.

United States District Court,
E.D. Louisiana.

Aug. 8, 1994.

Brad Adams, New Orleans, LA, for plaintiff.

Terrence C. Forstall, Courtenay, Forstall, Gilbault, Hunter & Fontana, New Orleans, LA, for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Plaintiff, L & L Oil Company (L & L) filed this suit against Hugh Mac Towing Corporation (Hugh Mac) and William K. Lefkowitz, as Trustee of the John Hugh MacMillan, III 1991 Irrevocable Trust (Trustee) under the Louisiana Open Account Statute to collect the open account debts of Hugh Mac and to enforce the Trustee's guarantee of the debts. Before answering the complaint, the Trustee filed two motions to dismiss: (1) a motion to dismiss for lack of subject matter jurisdiction alleging lack of diversity of citizenship on the ground that L & L is a Louisiana corporation and Hugh Mac's principal place of business is in Louisiana; and (2) a motion to dismiss for failure to state a claim alleging that L & L's claim for enforcement of the guaranty is premature.

In response to the motion alleging lack of diversity of citizenship, L & L sought leave, pursuant to Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss Hugh Mac from the action, and by Order entered April 14, 1994, Hugh Mac was dismissed from the case, leaving the Trustee as the sole defendant. On April 11, 1994, L & L filed a First Supplemental and Amending Complaint. Thereafter, the Trustee filed four more motions to dismiss: (1) for failure to join an indispensable party alleging that Hugh Mac is an indispensable party whose necessary joinder would defeat diversity; (2) for lack of personal jurisdiction over the Trustee alleging a lack of minimum contacts with this forum to satisfy due process; (3) for lack of subject matter jurisdiction based on an inadequate amount in controversy; and (4) for failure to state a claim asserting the same issues as the original motion to dismiss for failure to state a claim. Having reviewed the parties' memoranda and the applicable law, the Court finds as follows.

## I.

### *Choice-of-law Analysis*

Applying Louisiana conflict of law rules set forth in Louisiana Civil Code articles 3537 and 3515, the Court finds that Louisiana is the state with the most significant interest in this dispute. The plaintiff, L & L, is a Louisiana corporation with its principal place of business in Louisiana. The defendant Trustee is a resident of Florida. The trust was formed under the laws of Florida. The negotiation and formation of

the contract in question was via facsimile and mail between Louisiana and Florida. The nature of the contract in question is a guaranty of payment from a Florida trust on an open account for purchase of Louisiana products and services (bulk diesel fuel, oil, and engine room supplies) from L & L, a Louisiana corporation, delivered to vessels located in Louisiana and owned by Hugh Mac, a Louisiana company. The effect of the guaranty was to facilitate performance of a Louisiana transaction. The guaranty was accepted in Louisiana and any payments pursuant to the guaranty were to be made to L & L in Louisiana. The Court finds that Louisiana has a substantial interest in the application of its law to this dispute. Accordingly, the Court finds that Louisiana substantive law applies to the contract in question.

## II.

*Motion to Dismiss for Lack of Subject Matter Jurisdiction alleging lack of diversity of citizenship*

This motion is **MOOT** by virtue by L & L having voluntarily dismissed Hugh Mac by Order entered April 14, 1994.

## III.

*Motion to Dismiss for Failure to Join an Indispensable Party*

■ In this motion, the Trustee contends that Hugh Mac is an indispensable party whose necessary joinder would defeat diversity jurisdiction. Federal Rule of Civil Procedure 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests. Hugh Mac need not be joined in order to afford the litigants complete relief. Under Louisiana law, a creditor may sue a guarantor without first attempting collection from the principal debtor or including the principal debtor in the same suit. *Katz v. Innovator of America, Inc.*, 552 So.2d 724, 726 (La.App. 1st Cir.1989) (citing *Bordelon v. Smith*, 506 So.2d 788 (La.App. 1st Cir.), *writ denied*, 512 So.2d 1178 (1987)); Revision Comment (c) to La.Civ.Code art. 3045 (West Supp.1993)

("The creditor may include in the same suit both the principal obligor and the surety or he may sue the surety without joinder of the principal obligor"). Nor is it necessary that Hugh Mac be a party to protect its own interests. On February 17, 1994, Hugh Mac filed a voluntary petition under Chapter 11 of the Bankruptcy Code. If Hugh Mac were a party to this suit, all proceedings against it would be stayed pursuant to the automatic stay provisions contained in 11 U.S.C. § 362. Accordingly, the Court finds that Hugh Mac is not an indispensable party to this suit.

## IV.

*Motion to Dismiss for Lack of Personal Jurisdiction over the Trustee alleging a lack of minimum contacts sufficient to satisfy due process*

■ The Trustee waived the right to assert this defense because the defense was available, but omitted, from the original motions to dismiss. Federal Rules of Civil Procedure 12(g) and (h); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir.1993).

## V.

*Motion To Dismiss for Lack of Subject Matter Jurisdiction on the basis that the amount in controversy does not exceed $50,000*

■ Jurisdiction in this case is predicated on diversity of citizenship, pursuant to 28 U.S.C. § 1332, which requires that the plaintiff be a citizen of a different state from the defendant and that the amount in controversy exceed $50,000, exclusive of interest and costs. Having voluntarily dismissed Hugh Mac, the only non-diverse party, there is diversity of citizenship between the plaintiff and the defendant. The Trustee contends that L & L's claim does not meet the jurisdictional amount. Whether the requisite jurisdictional amount is satisfied turns on whether L & L is trying to prematurely enforce the Trustee's guaranty before the obligation is due.

■ The amount in controversy must exist at the time suit is commenced in federal

court. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The party invoking the jurisdiction of the court has the burden of showing that the exercise of jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). A good faith allegation by a plaintiff that the amount in controversy exceeds the jurisdictional amount is sufficient to satisfy this burden. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 665–66 (5th Cir.1971). The burden then shifts to the defense to show that it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Indemnity*, 303 U.S. at 288, 58 S.Ct. at 590.

L & L has met its burden by alleging in its complaint that the Trust is liable to it for Hugh Mac's debts in excess of $600,000. The Trustee contends that the requisite jurisdictional amount of $50,000 is lacking because none of its obligations under the guaranty had become due at the time L & L filed suit, and on the date that L & L amended its complaint, it was liable to pay only two invoices totalling $22,021.11.

By letter dated March 12, 1992, L & L agreed to sell diesel fuel to Hugh Mac on an open account basis with a specified payment schedule providing that Hugh Mac had a maximum of 89 days from the date of each delivery to make payment. By letter dated March 13, 1992, the Trustee agreed on behalf of the trust to guaranty Hugh Mac's liabilities. The guaranty agreement provides in pertinent part:

> In consideration of L & L Oil Company, Inc. (hereinafter referred to as "L & L") extending credit to or continuing credit of Hugh Mac Towing Corp. (hereinafter referred to as "Hugh Mac"), the undersigned hereby conditionally guarantees all sums of money owing to L & L by Hugh Mac from time to time. The sole condition of this guaranty is that L & L shall be obligated, prior to seeking payment by the Trust pursuant to this guaranty, to pursue collection efforts for sums of monies owed it by Hugh Mac directly from Hugh Mac and be unsuccessful in the collection of same; however, notwithstanding anything to the contrary contained herein, in the event that L & L's collection efforts against Hugh Mac are unsuccessful for a period of ninety (90) days beyond that date that Hugh Mac's payment, in accordance with the payment schedule set forth in L & L's letter, dated March 12, 1992 addressed to the undersigned, would be due, in such event L & L may, at that point, seek payment by the Trust pursuant to this guaranty.

L & L invoiced over thirty deliveries of fuel to Hugh Mac, beginning on October 11, 1993 through January 24, 1994. Hugh Mac defaulted on the first invoices on January 8, 1994, 89 days after delivery. L & L made demand for payment without success. On February 17, 1994, Hugh Mac filed a petition for voluntary bankruptcy under Chapter 11 of the United States Bankruptcy Code. L & L filed this suit against the Trustee on March 3, 1994, and subsequently amended its complaint on April 11, 1994.

The Trustee contends that under the guaranty agreement, L & L has no cause of action against it until a minimum of 179 days after delivery of a particular fuel shipment to Hugh Mac. The 179–day figure is based on the maximum 89–day term in Hugh Mac's payment schedule plus the ensuing 90–day term, as provided for in the Trustee's guaranty. If the full, 179–day term for payment is allowed to run, the Trustee could not be called upon for payment on the earliest invoice at issue (October 11, 1993) until April 8, 1994, which is after the date L & L filed this suit.

L & L argues that when Hugh Mac became insolvent the 89–day term for payment on each invoice became null, thereby accelerating Hugh Mac's obligation to the date of each invoice and activating the 90–day term as of the date of each invoice. If the 90–day term is measured from the date of each invoice, then the term has elapsed for all but a few of the invoices, and the amount in controversy at the time the complaint was filed was in excess of $500,000. L & L relies on Louisiana Civil Code article 1782, which provides:

> When the obligation is such that its performance requires the solvency of the obligor,

the term is regarded as nonexistent if the obligor is found to be insolvent.

La.Civ.Code art. 1782 (West 1987).

 Article 1782 does not serve to commence the 90–day term as of the date of each invoice for two reasons. First, Hugh Mac's insolvency is not a judicially declared insolvency. "An obligor's insolvency must be judicially declared for [Article 1782] to take effect." *See* La.Civ.Code art. 1782, Comment (d); *Miller v. Interstate Trust & Banking Co.*, 170 La. 1036, 129 So. 628 (1930); *State Nat. Bank v. New Orleans Brewing Ass'n*, 49 La.Ann. 934, 22 So. 48 (1897). A judicially declared insolvency means a cession or relinquishment of property, such as where a corporation is being liquidated and its affairs closed by a receiver. *See Miller*, 129 So. at 630. Contrary to L & L's position, mere insolvency as a condition where liabilities exceed assets is not sufficient to mature debts under article 1782. *See Succession of Gravolet*, 195 La. 832, 197 So. 572 (1940). "[I]t is the cession of property, not actual or supposed insolvency, that matures the debt." *New Orleans Brewing Ass'n*, 22 So. at 50.

In the case at bar, Hugh Mac filed a voluntary petition for bankruptcy under Chapter 11. Hugh Mac certified in the schedules filed with the bankruptcy court that its total assets were $10,285,832.36 and its total liabilities equalled $16,442,340.44. A bankruptcy proceeding under Chapter 11 generally provides for debtor rehabilitation. Creditors generally look to future earnings of the debtor, which requires the continued operation of the business, rather than a cession of property. There is no evidence before the Court that Hugh Mac's plan is for liquidation instead of rehabilitation. The fact that Hugh Mac has certified in a bankruptcy proceeding that its liabilities exceed its assets does not amount to a judicially declared insolvency for purposes of Article 1782. Accordingly, the Court finds that Hugh Mac's debts are not matured to the date of each invoice.

 Second, even assuming that Article 1782 operates to mature all of Hugh Mac's obligations, it does not serve to alter the term of payment in the guaranty.

No act of the creditor or debtor can change the obligation the surety has incurred, and on which he is entitled to stand.... When the debtor makes a cession, the law matures his debts, not the obligation of his surety; and matures the debtor's obligation simply and only to bring about that equal distribution the law contemplates of his property to his creditors. But the law, in bringing about this result, does not, as plaintiff's argument maintains, invade the surety's obligation,— no party to the cession,—and change the time of his payment.

*New Orleans Brewing Ass'n*, 22 So. at 50. The language of the guaranty plainly provides that the Trustee's obligation is to pay Hugh Mac's outstanding debt only after a period of 90 days after the deadline for payment by Hugh Mac, which in accordance with the payment schedule was 89 days from delivery. To find that the Trustee's obligation matures 90 days after the date of each invoice, as suggested by L & L, would be to alter the term of the Trustee's guaranty. Accordingly, the Trustee cannot be called upon to make payment prior to expiration of the 179–day term provided for in the guaranty.

At the time L & L filed suit, the 179–day term had not elapsed on any of the deliveries of fuel. In addition, at the time L & L amended its complaint, the 179–day term had elapsed on only two of the invoices totalling $22,021.11. Thus, the Trustee has shown to a legal certainty that L & L's claim against it does not satisfy the jurisdictional amount.

### VI.

*Motions to Dismiss for Failure to State a Claim alleging that L & L is prematurely proceeding to collect on the Trust's guaranty*

The Trustee filed two motions to dismiss for failure to state a claim—one before and one after L & L filed its amended complaint. These motions present the same issue as the motion to dismiss for lack of subject matter jurisdiction based on failure to establish the requisite amount in controversy, that is, the prematurity of this suit against the Trustee. Having found that the Court lacks subject

matter jurisdiction because the Trustee's obligation had not matured on any of the invoices at the time L & L filed suit, the motions to dismiss for failure to state a claim are **MOOT.**

Accordingly,

IT IS ORDERED that:

1) Defendant's, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III 1991 Irrevocable Trust, Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter alleging lack of diversity of citizenship is **MOOT.**

2) Defendant's, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III 1991 Irrevocable Trust, Motion to Dismiss "First Supplemental and Amending Complaint" for Lack of Personal Jurisdiction is **DENIED.**

3) Defendant's, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III Irrevocable Trust, Motion to Dismiss "First Supplemental and Amending Complaint" for Failure to Join an Indispensable Party is **DENIED.**

4) Defendant's, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III 1991 Irrevocable Trust, Motion to Dismiss "First Supplemental and Amending Complaint" for Lack of Jurisdiction Over the Subject Matter on the basis of insufficient jurisdictional amount is **GRANTED.**

5) Defendant's, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III 1991 Irrevocable Trust, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted is **MOOT.**

6) Defendant's, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III 1991 Irrevocable Trust, Motion to Dismiss "First Supplemental and Amending Complaint" for Failure to State a Claim Upon Which Relief Can Be Granted is **MOOT.**